UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ESTATE OF TAMARA M. DARROW, on behalf of the deceased and all statutory beneficiaries by and through its personal representative JOHN DARROW; JOHN DARROW AND JULIA DARROW, both individually as parents of the deceased, <br><br>Plaintiffs, <br><br>v. <br><br>JOHNSON & JOHNSON, a New Jersey corporation, KENVUE, INC., a Delaware corporation, JOHNSON & JOHNSON CONSUMER, INC., a New Jersey corporation, and JOHNSON & JOHNSON CONSUMER COMPANIES, INC., <br><br>Defendants. | Case No. 2:23-CV-01996-RSM <br><br>ORDER GRANTING MOTION TO STAY ALL PROCEEDINGS |

This matter comes before the Court on Defendants' Motion to Stay All Proceedings. Dkt. #5. Defendants collectively request the Court stay all proceedings in this action pending the likely establishment of *In re Johnson & Johnson Talcum Powder Marketing, Sales Practices and Products Liability Litigation*, which would transfer this case for coordinated pretrial proceedings. *Id*. at 1-2. Plaintiff did not respond to this Motion. To avoid waste of judicial resources,

ORDER - 1

inconsistent rulings, and duplicative practices unfairly prejudicial to the parties, Defendants' Motion to Stay is GRANTED.

Plaintiffs allege that Decedent Tamara M. Darrow developed ovarian cancer and died from using talcum powder products produced by Defendants. Dkt. #1-1 at 10. This is one of more than thirty pending lawsuits brought by Defendants' consumers with similar allegations. On October 4, 2016, the U.S Judicial Panel on Multidistrict Litigation ("the Panel") issued a Transfer Order to the U.S. District Court of New Jersey to coordinate pretrial proceedings because "all the actions share common factual questions arising out of allegations that perineal use of Johnson & Johnson's talcum powder products can cause ovarian or uterine cancer in women." Dkt. #5-2 at 1-4.

Courts consider three factors in determining whether to grant a motion to stay pending possible transfer to an MDL proceeding: (1) potential prejudice to the non-moving party; (2) inequity and hardship to the moving party if the action is not stayed; and (3) potential judicial resources saved by avoiding duplicative litigation if the cases are consolidated. *See Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997).

In the interest of preserving judicial resources and to avoid hardship and prejudice to the parties, the Court finds that staying the case is warranted. Having considered the briefing and the remainder of the record, pending transfer of this matter to MDL No. 2378, *In re Johnson & Johnson Talcum Powder Marketing, Sales Practices and Products Liability Litigation*, the Court hereby finds and ORDERS the following:

1) Defendants' Motion to Stay All Proceedings, Dkt. #5, is GRANTED.
2) This case is stayed until further action by this Court or transfer by the U.S. Judicial Panel on Multidistrict Litigation.

ORDER - 2

3) The parties are relieved of any pleading, discovery, or other obligation until further notice.

4) Defendants' pending Motion to Dismiss for Failure to State a Claim, Dkt. #14, is STRICKEN and removed from the Court's Calendar with leave to refile if necessary.

5) This case is administratively closed pending a ruling on such transfer.

DATED this 16th day of January, 2024.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER - 3